Joseph Di Fede, J.
Petitioner brings this CPLR article 78 proceeding in the nature of mandamus to compel respondent, a Judge of the Criminal Court of the City of New York, to hold a preliminary hearing pursuant to CPL 170.75 on the misdemeanor charges filed against him by prosecutor’s information filed by direction of the Grand Jury.
Petitioner contends that this section mandates that respondent order such hearing upon petitioner’s request, while respondent argues that in the instant case evidence has already been presented to a Grand Jury for consideration and the said Grand Jury found that sufficient evidence exists to hold respondent for trial on misdemeanor charges, and that a preliminary hearing in criminal court is thus not required. Cited in support thereof is People v McClafferty (73 Misc 2d 666), which took the position that the defendant’s right to a preliminary hearing was foreclosed when the Grand Jury determined the evidence to be "legally sufficient” — (i.e., competent evidence, if true, which would establish every element of the offenses) — a more stringent standard than the application of the "reasonable cause” test of the criminal court proceeding which seeks only apparently reliable evidence or information which discloses facts or circumstances of sufficient weight from which a person of ordinary intelligence would find it "reasonably likely” that defendant committed the offenses (People v Scarposi, 69 Misc 2d 264).
Thus argues the court in MeClafferty (supra), the defendant has been afforded more safeguards of procedural due process *1001 than those resulting from a preliminary hearing. With this conclusion I do not agree. The controlling statute, CPL 170.75 reads in pertinent part:
"1. A defendant who has been arraigned in the New York City criminal court upon an information, simplified traffic information or prosecutor’s information, which charges a misdemeanor * * * may, before entry of a plea of guilty or commencement of trial, request a hearing to determine whether there is reasonable cause to believe that he committed such misdemeanor.
"2. Upon such request, the court must conduct such hearing in the manner prescribed in section 180.60 for a hearing upon a felony complaint.” (Emphasis added.)
In analyzing this statute, the words thereof must be interpreted in accordance with their plain and ordinary meaning. It is only where such language is not clear and explicit, but is ambiguous or otherwise vague that inquiry be warranted outside the language of the statute to construe the legislative intent.
The form and language of the instant statute (CPL 170.75) is clear and unambiguous and such inquiry is not indicated herein. There is nothing apparent or implicit therein to support an interpretation restricting the requirement of a hearing in cases proceeding on a prosecutor’s information whether lodged at the direction of a Grand Jury or by the prosecutor’s initiative. The court may not speculate that the Legislature implied such an exception in the one case or the other, contrary to the plain meaning of the words of the statute, especially where this objective, analytic approach would not effect an absurd or unjust result.
To deny the petitioner a preliminary hearing would deprive him of a substantive right afforded to all misdemeanants whose actions were never presented to a Grand Jury. Though the review criteria may be different, the preliminary hearing affords a defendant the right to confront his accusers, in an open public forum, to engage in a degree of cross-examination and the right to produce witnesses (CPL 170.75, subd. 2; CPL 180.60), all of which are not available to him in the in camera secretive setting of the Grand Jury proceeding. The benefits to a defendant cannot be equated by the legalistic and theoretical argument that the Grand Jury would apply a more stringent test to the evidence than would the Judge at criminal court. Moreover, anomalous results of inequity and possible *1002 denial of equal protection of the laws could result, as cited in People v Robinson (77 Misc 2d 1081), wherein one defendant would be afforded a preliminary hearing in the criminal court on a misdemeanor complaint, and a codefendant be denied that right solely because the Grand Jury had refused to indict but directed a prosecutor’s information charging the same crime. Lastly, the history of the statute reveals that though the Denzer Commission eliminated the section in all drafts of the revised Code of Criminal Procedure, the Legislature enacted it nevertheless. The court cannot ignore such unequivocal legislative direction.
Accordingly, the cross motion to dismiss the petition is denied, and the petition is granted.
Respondent is directed to hold a preliminary hearing upon the charges filed against petitioner.