JUAN EMERT *v.* STATE OF INDIANA.

[No. 775S166. Filed July 14, 1975.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *James M. Garrettson,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant was convicted of carrying a pistol without a license in violation of Burns § 10-4736 (1956 Repl.). He was sentenced by the trial court to a determinate sentence of ten years. He thereafter filed a petition with the Marion Criminal Court, Division IV, seeking post-conviction relief from the judgment entered on his guilty plea of January 15, 1973. The trial court denied the petition and the defendant appealed the decision to the Court of Appeals, First Division. The Court of Appeals "reversed and remanded with instructions to grant petitioner relief by vacating his judgment of conviction and plea of guilty."

The attorney general, on behalf of the state, filed petition to transfer, citing in support the case of *Williams* v. *State*, 263 Ind. 165, 325 N.E.2d 827. In *Williams*, this Court addresed itself to an identical question presented by this defendant. The threshold question in *Williams*—the same as the question here—involved a determination of what constitutes a silent record. There we determined that the defendants' pleas were voluntarily and intelligently entered and with full knowledge of their constitutional rights based upon the written record submitted.[1]

The Public Defender on behalf of the petitioner below cites *Boykin* v. *Alabama*, (1969) 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, and *Brimhall* v. *State*, (1972) 258 Ind. 153, 279 N.E.2d 557, contending that our Ind. R. Crim. P. 10 requires the same type of record—in other words a colloquy between the trial judge and the defendant at arraignment, to

---

1. If the plea had been entered after the effective date of July 26, 1973, we would have a different question entirely in this case under PL 325, Acts 1973, being Ind. Code § 35-4.1-1-3, Burns § 9-1204, which provides:

"*Defendant advised by court.*—The court shall not accept a plea of guilty from the defendant without first addressing the defendant and

"(a) determining that he understands the nature of the charge against him;

"(b) informing him that by his plea of guilty he is admitting the truth of all facts alleged in the indictment or information to an offense included thereunder and that upon entry of such plea the court shall proceed with judgment and sentence;

"(c) informing him that by his plea of guilty he waives his rights to a public and speedy trial by jury, to face the witnesses against him, to have compulsory process for obtaining witnesses in his favor and to require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

"(d) informing him of the maximum possible sentence and minimum sentence for the offense charged and of any possible increased sentence by reason of the fact of a prior conviction or convictions, and of any possibility of the imposition of consecutive sentences;

"(e) informing him that the court is not a party to any agreement which may have been made between the prosecutor and the defense and is not bound thereby."

If this statutory standard had been applicable at the time of defendant's plea, and if the record was identical to the one before us, defendant would undoubtedly have presented a solid case for post-conviction relief.

determine whether a plea is voluntarily and intelligently entered with the defendant's full knowledge of his constitutional rights. In *Williams,* as in this case, we find that *Boykin* did not explicitly require such a colloquy. In *Brimhall* we found that while the defendant had consulted with counsel, there was no record of testimony that he had been advised of his constitutional rights under *Boykin* and, additionally, neither did the record show such advice by the judge of the court. We determined in *Williams* that *Boykin* "was concerned primarily with *what* the record must show and not *who* must make the record." In the instant appeal, the record does show a voluntary and intelligent entry of a plea of guilty made with full knowledge of the defendant's constitutional rights.

For all the foregoing reasons, the judgment of the trial court in denying post-conviction relief is hereby affirmed.

Arterburn, J., concurs; Givan, C.J., concurs in result; Prentice, J., dissents with opinion in which DeBruler, J., concurs.

### DISSENTING OPINION

PRENTICE, J.—I dissent and would grant transfer but would reverse the trial court, as did the Court of Appeals, and direct that the guilty plea and conviction be vacated.

The record in this case merely discloses only that at some time prior to arraignment Emert's counsel had read a written form to him which contained an explanation of the constitutional rights which would be waived upon the plea of guilty, that Emert had signed such form and that, at arraignment, the trial judge asked him only if he understood the same, and he answered that he did. The most this record can indicate is that Emert thought that he understood his rights, and there is nothing from which the trial judge could have independently assessed Emert's knowledge. *Boykin* v. *Alabama,* (1969) 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, requires that the record demonstrate a knowing and intelligent waiver by the accused.

Nothing is more clearly demonstrated by the parade of cases that pass before us than that most criminally accused are woefully ignorant, not only of their intricate constitutional rights but also of court procedures and even of the English language. Such circumstances mandate that the trial court make such inquiry, in each case, as will enable him to assess intelligently the accused's true understanding of his perilous position. What is demonstrated by the record is important only to the extent that it assures that the rights of the accused are not violated. We should not permit our concern for the record to obliterate our concern for the accused; and we should not, therefore, accept a record unless it discloses, beyond reasonable question, that the trial judge concerned himself with the comprehension of the accused and not merely with the appearance of the record. This is not done by the presence of signed waivers or the reliance upon statements of counsel or even upon the statement of the accused that they understand—all of which may be given in the best of faith but, nevertheless, in error.

I do not agree with the statement of the Court of Appeals from *Kite* v. *State*, (1974) Ind. App., 318 N.E.2d 390, that the court's duty to advise is non-delegable, although it most certainly is to be preferred that it not be delegated. I concurred in the result in *Williams* v. *State*, (1975) 263 Ind. 165, 325 N.E.2d 827, because the record there reflected that although the colloquy was between the accused and his counsel rather than between the accused and the judge, it, nevertheless, took place in the presence of the judge and under circumstances that enabled the judge to assess independently the accused's comprehension.

I would remand the case to the trial court with instructions to vacate the guilty plea and the judgment.

DeBruler, J., concurs.

NOTE.—Reported at 330 N.E.2d 750.