**Gerald Wayne MOFFETT, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

**No. 3–979A256.**

Court of Appeals of Indiana, Fourth District.

Dec. 26, 1979.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, for appellant-defendant.

Theodore L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CHIPMAN, Judge.

This is an appeal from a denial of appellant's petition for post-conviction relief. Moffett presents only one issue for our review: whether the trial court erred by failing to find petitioner was denied effective assistance of counsel.

We remand for specific findings of fact.

On July 28, 1977, appellant Moffett pled guilty to the charge of First Degree Burglary. The guilty plea was entered in ex-

change for the State's promise to dismiss an unrelated charge of Robbery which was pending against Moffett at the time. Attorney Norbert L. Wyss represented Moffett on both charges. In his petition for post-conviction relief, Moffett alleged:

The attorney who appeared in this case had no familiarity with the facts of the offense; possible defenses, and did no investigation or discovery.

After a hearing on Moffett's petition, the trial court made the following findings of fact and conclusions of law:

1. That on 5–14–76 the above named Defendant was charged with First Degree Burglary in the above cause number.

2. That on 11–21–75 the above named Defendant was charged in Allen Circuit Court, Cause Number CCR–75–272, with the charge of Robbery.

3. That on 11–26–75 Attorney Norbert L. Wyss entered an appearance in Cause Number CCR–75–272 for the Defendant.

4. That on December 13, 1976 the records of the Court's minutes maintained by Judge Hermann Busse of the Allen Circuit Court indicate that the Defendant appeared in person and by counsel, waived arraignment and jury, entered a plea of not guilty in Cause Number CCR–76–91, and was set for trial on July 28, 1977. That said minutes of the Judge do not indicate the name of the Attorney appearing on said date for the Defendant. No official appearance of Attorney Norbert L. Wyss was shown in the record of said Cause Number prior to that Date.

5. That on 12–13–76 the Defendant and his Attorney Norbert L. Wyss appeared in the Allen Circuit Court on Cause Number CCR–75–272 and that cause was set for trial on June 3, 1977, which trial was thereafter continued to October 19, 1977.

6. That on July 28, 1977 the Defendant appeared in person and by Attorney Norbert L. Wyss and entered a plea of guilty to First Degree burglary upon a plea bargain agreement that called for the dismissal of the Robbery charge under CCR–75–272, which charge was dismissed after the plea of guilty.

7. That in the transcript of the proceedings held on July 28, 1977 the Defendant stated to the Court that he understood the proceedings and the plea of guilty and that the same was voluntarily entered.

8. That the Post Conviction Relief filed by the Defendant in Cause Number CCR–76–91 alleges (a) ineffective assistance of counsel, and (b) guilty plea was not knowingly, intelligently, and voluntarily entered.

## CONCLUSIONS OF LAW

1. That the Defendant did not sustain his burden of proof in regards to his claim that the plea was entered as a result of threats of prosecution in an unrelated charge of Robbery, or that it was obtained by threats of prosecution against the Defendant's wife. That the Defendant did not sustain his burden of proof to show ineffectiveness of counsel.

2. That the Post Conviction Relief Petition filed by the Defendant be and is hereby denied.

These findings are clearly inadequate. The court was required to make specific findings as commanded by Ind.Rules of Procedure, Post-Conviction Rule 1, § 6:

The court *shall make specific findings of fact,* and conclusions of law *on all issues presented,* whether or not a hearing is held. * * * [emphasis added]

Moffett alleged he was denied effective assistance of counsel in that his attorney failed to investigate the facts surrounding the burglary charge before advising the petitioner to plead guilty. While attorney Wyss testified as to the extent of his representation, the trial court made no factual determinations as to this issue. Our Supreme Court has held Rule P.C. 1, § 6 imposes a mandatory duty; the court must make specific findings of fact as to all issues presented in the petition for post-conviction relief. *Love v. State,* (1971) 257 Ind. 57, 272 N.E.2d 456. In *Davis v. State,*

(1975) 263 Ind. 327, 330 N.E.2d 738, Justice Prentice enunciated the policy behind the § 6 specificity requirement:

> [F]indings that state merely that the petitioner has failed to prove his grounds are of little help to the court that must review the matter on appeal. Further, such a cavalier treatment greatly increases the possibility of oversight by the trial courts and nondisclosure to the reviewing courts. The findings, therefore, should be specific and complete upon each issue of fact, without regard to whether it supports the grant or the denial of relief. * * * Under such circumstances, findings that recite only that the defendant failed to establish grounds for relief by a preponderance of the evidence, tells us little of what we often need to know and frequently leads to challenges to the correctness of the judgment that complete findings might well have avoided.

263 Ind. at 331, 332, 330 N.E.2d at 741, 742.

This case is therefore remanded to the trial court with instructions that specific findings of fact be made as to the issue of effective assistance of counsel.

MILLER, P. J., and YOUNG, J., concur.