**David HUNT, Appellant**
**(Petitioner Below),**

v.

**STATE of Indiana, Appellee**
**(Respondent Below).**

No. 2-1084A325.

Court of Appeals of Indiana,
Second District.

Jan. 23, 1986.

---

J. Richard Kiefer, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

On October 31, 1983, David Hunt pleaded guilty to driving under the influence of intoxicating liquor.[1] He filed a "Petition for Post-Conviction Relief on April 23, 1984, alleging he did not knowingly and intelligently relinquish his constitutional rights. He now appeals the trial court's refusal to vacate his guilty plea and presents four issues for review. Those issues, restated for clarity, are:

1. Whether the trial court's findings of fact are sufficiently specific;

2. Whether the post-conviction relief court erred in concluding Hunt knowingly and intelligently waived his constitutional rights;

3. Whether a defendant pleading guilty to a misdemeanor traffic offense must be advised of enumerated constitutional rights pursuant to Ind. Code Ann. § 9-4-7-9 [2] (Burns Supp.

---

**1.** Ind.Code Ann. § 9-4-1-54(b)(1) (Burns Repl. 1980)

"A person who operates a vehicle while (A) intoxicated; or (B) Unlawfully under the influence of a controlled substance; commits a class A misdemeanor."

**2.** Ind.Code Ann. § 9-4-7-9 (Burns Supp.1985) reads:

"Plea of guilty—Procedure.—Before accepting a plea of guilty to a misdemeanor traffic offense, the court shall inform the defendant of his rights, which shall include, but not be limited to, the right to:

(1) Engage counsel;

(2) A reasonable continuance to engage counsel to subpoena witnesses;

(3) Have process issued by the court, without expense to him, to compel the attendance of witnesses in his behalf;

(4) Testify or not to testify in his own behalf;

(5) A trial by jury; and

(6) Appeal.

The court shall inform the defendant if he is convicted, that a record of the conviction will be sent to the motor vehicle commissioner of this state where defendant received his license to drive, to become a part of his driving record."

1985) or Ind.Code Ann. § 35–35–1–2(a)[3] (Burns Supp.1983) or both; and

4. Whether Ind.Code Ann. § 35–35–1–2(b) is unconstitutional.

On August 24, 1983, on the south side of Indianapolis, Hunt was seen by Rick Davis, a Marion County Deputy Sheriff, driving his car erratically and over ninety miles per hour. When the officer was eventually able to stop Hunt, he noticed Hunt smelled of alcohol and exhibited other signs of intoxication. Hunt was transported to Wishard Hospital and given a breathalyzer test. The results indicated Hunt had a blood alcohol content of .16%. On October 31, 1983, Hunt signed a court prepared form containing the constitutional rights listed in I.C. § 35–35–1–2 and pleaded guilty to the charge of driving under the influence of intoxicating liquor. The judge asked Hunt if his signature was at the bottom of the form, but asked no further questions concerning Hunt's understanding of the constitutional rights he was waiving.

## I.

██ Hunt first asserts the findings of fact and conclusions of law entered by the post-conviction hearing judge are inadequate.[4] However, the lack of detail and specifity in the post-conviction court's findings do not present an obstacle in our review in this case. Therefore, we will not remand this case to the trial court for more specific findings. *Lowe v. State*, 455 N.E.2d 1126 (Ind.1983); *Moffett v. State*, 398 N.E.2d 686 (Ind.App.1979).

## II.

Hunt contends the post-conviction court erred in concluding he knowingly and intelligently waived his constitutional rights. We agree, and reverse on this ground.

---

3. At the time Hunt committed the offense Ind. Code Ann. § 35–35–1–2 (Burns Supp.1983) read in relevant part:

"Sec. 2. (a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime, without first addressing the defendant and:
(1) determining that he understands the nature of the charge against him;
(2) informing him that by his plea he waives his rights to:
(A) a public and speedy trial by jury;
(B) confront and cross-examine the witness against him;
(C) have compulsory process for obtaining witnesses in his favor; and
(D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;
(3) informing him of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and
(4) determining if a written recommendation, under chapter 3 of this article, has been executed by the prosecutor and the defendant, and if such recommendation exists, then informing the defendant that if the court accepts the plea, it is bound by the terms of the written recommendation. (b) A defendant in a misdemeanor case may waive the rights under subsection (a) by signing a written waiver without first being addressed by the judge and formally advised of those rights."

4. " 'FINDING OF FACTS AND CONCLUSION OF LAW'

Come now the defendant by his Verified Petition for Post-Conviction Relief being in the words and figures following to-wit:
[H.I.]
And the Court having conducted a hearing on this matter on May 4, 1984, at which the defendant was present in person and by counsel and the State was represented by counsel, and having considered the evidence presented therein and the arguments of counsel did deny said petition and does hereby enter the following findings of fact:
1. The defendant is and has been at all times competent, literate and intelligent.
2. The defendant executed a "Waiver of Rights" in connection with a Guilty Plea for an "A" misdemeanor which was admitted into evidence as defendant's exhibit B.
3. The offenses of which defendant was charged constituted a misdemeanor as to which IC 35–35–1–2(b) was satisfied by said exhibit B.
The Court concluded that the law is with the State and against the defendant.
/S/A. Toni Cordingley
A. Toni Cordingley, Judge
Marion County Municipal Court
Room Number Ten
5–31–84
Date
Record at 41.

We must begin our discussion with reference to *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the fountainhead of constitutional advisement law. *Boykin* lists three federal constitutional rights of which a defendant must be aware and understand in order for his waiver of those rights by a plea of guilty to be constitutionally permissible: the right to confront one's accusers, *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965); the right to trial by jury, *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); and the privileges against compulsory self-incrimination, *Malloy v. Hogan,* 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). 395 U.S. at 243, 89 S.Ct. at 1712.

*Boykin* concerned a felony case, as did *Pointer, Duncan* and *Malloy.* There is, therefore, a preliminary inquiry as to whether the *Boykin* rights attach to persons accused of misdemeanors. As a matter of federal constitutional law, the right to trial by jury and the privilege against self-incrimination have been specifically extended to persons accused of misdemeanors. In *Baldwin v. New York,* 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), the Court held the right to trial by jury exists where there is a possibility of receiving more than a six month sentence, and in *Berkemer v. McCarty,* 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), the Court held a person suspected of a misdemeanor traffic offense must be given *Miranda* warnings prior to a custodial interrogation the same as a person suspected of a felony.

■ Although the United States Supreme Court has not specifically extended application of *Pointer v. Texas* to misdemeanants, at least two states have addressed the issue and concluded persons accused of committing a misdemeanor are entitled to the right of confrontation. *See Mills v. Municipal Court,* 10 Cal.3d 288, 110 Cal.Rptr. 329, 515 P.2d 273 (1973); and *Mosley v. Gorfinkel,* 81 Misc.2d 998, 367 N.Y.S.2d 155 (N.Y.Supp.1975). We agree. Logic demands the right of confrontation be applicable to trials of persons accused of

misdemeanors. "There are few subjects, perhaps, upon which the Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Pointer,* 380 U.S. at 405, 85 S.Ct. at 1068.

■ As a matter of state law, the Indiana Constitution in Article 1, section 13 provides, *"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."* (emphasis added) *Gillespie v. Gilmore,* 159 Ind.App. 449, 307 N.E.2d 480 (1974) held a distinction cannot be made between felonies and misdemeanors as regards the right to trial by jury in view of the language, "in all criminal prosecutions," and *Bolkovac v. State,* 229 Ind. 294, 98 N.E.2d 250 (1951), relying on the same constitutional language, stated the right to counsel in misdemeanor cases exists to the same extent as in felony cases. Because the language "in all criminal prosecutions" precedes all rights enumerated in section 13, it is only logical that the right of confrontation also applies to misdemeanor cases. We thus conclude the rights enumerated in *Boykin v. Alabama* are applicable to persons accused of misdemeanors as a matter of state and federal constitutional law.

Hunt was entitled to waive his constitutional rights, but for his waiver to be valid, it must be an intentional relinquishment of *known rights and privileges. Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (emphasis added). The thrust of *Boykin* was the refusal by the Court to presume waiver of the constitu-

tional rights from a silent record, 395 U.S. at 244–25, 89 S.Ct. at 1712–13.[5]

■ The record of the guilty plea hearing in this case shows only that Hunt signed a court prepared form which listed his constitutional rights [6] and contained the statement "(t)he ... defendant advises the court that he understands the above and waives his right to be formally advised by the judge...." Record at 53. The record discloses the judge asked Hunt if his signature appeared at the bottom of the form, but failed to ask any questions concerning Hunt's understanding of the rights he was waiving, or whether Hunt had read the form he signed, or was literate in reading the English language.[7]

This lack of inquiry by the trial judge evidences the fact the judge could not have made an independent determination of Hunt's understanding of the rights he was waiving at the time of the guilty plea hearing. In *Williams v. State*, 263 Ind. 165, 325 N.E.2d 827 (1975), the Indiana Supreme Court stated that although *Boykin* did not require the trial judge to personally advise the defendant of his constitutional rights,[8] it did require the judge to make an independent determination, based on the record, that the defendant's plea was entered voluntarily and knowingly:

"A defendant's guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him, so long as the *record of the guilty plea proceeding* contains evidence from which the trial court may validly conclude that defendant was meaningfully informed of the specific rights enumerated in *Boykin. Nothing we have said, however, may be interpreted as relieving the trial court of its absolute duty to decide, on the basis of evidence in the record before it,* whether a defendant's plea is made voluntarily and understandingly."

*Id.* at 176, 325 N.E.2d at 833 (emphasis added).

In *Williams*, the form made part of the record at the guilty plea hearing included affirmations regarding the defendant's formal education and his ability to read, write, and understand the English language. The form further advised the defendant of the charge, the penalty, and the constitutional rights being waived. Prior to accepting the guilty plea, the prosecutor in open court asked the defendant if he had signed the form, *whether he understood it,* and whether he fully understood the charge. *Id.* at 171, 325 N.E.2d at 830. Further, the defendant's attorney, in the presence of the judge, *stated the defendant had a tenth grade education,* studied in the army, and understood the charge and penalty. The attorney also told the judge he had had sufficient time to review the charge with

---

**5.** It is clear the record to which the Court was referring was the record of the guilty plea hearing. "What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought (citations omitted) and forestalls the spin-off of collateral proceedings that seek to probe murky memories." *Boykin*, 395 U.S. at 244–45, 89 S.Ct. at 1712–13.

**6.** The court's form inaccurately stated the maximum penalty for the offense. The form stated the maximum penalty as one year in prison. In fact the maximum penalty also entails a fine and suspended drivers license. Hunt was fined $250, and his license was suspended for 60 days.

The form also omitted the required advisement that any penalty could be enhanced by

reason of a prior conviction or convictions. However, Hunt did not argue those errors at the hearing on post-conviction relief, nor did he brief the errors for argument on appeal.

**7.** Although the court's finding of facts and conclusions of law stated that "[t]he defendant is and has been at all time competent, literate and intelligent[,]" there was no evidence introduced at the post-conviction hearing to support the finding. *See State v. Blake,* 468 N.E.2d 548 (Ind.App.1984).

**8.** The Indiana Supreme Court subsequently retreated from the totality of the circumstances test on the specific question of whether a defendant was advised of his constitutional rights by requiring trial courts to explicitly so advise the defendant on the record. *See Austin v. State,* 468 N.E.2d 1027 (Ind.1984), *German v. State,* 428 N.E.2d 234 (Ind.1981).

the defendant, *and that the defendant understood the rights he was waiving.* Thus, in *Williams,* there was evidence in the record of the guilty plea hearing that showed Williams was literate in the English language, was aware of the content of the form he signed, and understood the rights he was waiving. Consequently, the *Williams* record provided a basis for the trial judge's independent determination the defendant knowingly waived his constitutional rights.

*Emert v. State,* 263 Ind. 340, 330 N.E.2d 750 (1975), was another "form" case. In *Emert,* the supreme court, without elaborating, reaffirmed *William's* interpretation of *Boykin* that the proper focus of inquiry was not who must make the record, but what the record must show. *Id.* at 342, 330 N.E.2d at 751.[9] Thus, in the two post-*Boykin,* pre-statute, guilty plea cases involving reliance on a printed form signed by the defendant, there was evidence of record apart from the form itself that the judge fulfilled the judicial duty of ascertaining whether the defendant intelligently waived known constitutional rights.

■ Applying the facts of this case to the requirements of *Boykin* and *Williams,* we are forced to conclude the judge erred in not granting post-conviction relief. There was no evidence of record from which the judge could have determined that, from the totality of the circumstanc-es, Hunt could read, did read the form, and understood the rights he was waiving.[10]

### III.

Hunt also asserts the guilty plea court erred in advising him, albeit in writing, according to the dictates of I.C. § 35-35-1-2 rather than the dictates of I.C. § 9-4-7-9.

Assuming I.C. § 9-4-7-9 and I.C. § 35-35-1-2 both apply to guilty plea hearings, Hunt argues I.C. § 9-4-7-9, which applies only to misdemeanor traffic offenses, should govern as Hunt was charged with a misdemeanor traffic offense.

Because we otherwise reverse, we do not reach this issue. However, the issue merits comment. We acknowledge this court implicitly held a guilty plea to a misdemeanor traffic offense is governed by the provisions of I.C. § 9-4-7-9 in *Mottern v. State,* 466 N.E.2d 488 (Ind.App.1984). However, the co-existence of I.C. § 9-4-7-9 and I.C. § 35-35-1-2, both of which apply to misdemeanor guilty pleas, is a trap for the unwary in misdemeanor traffic guilty plea proceedings. For example, a trial court that proceeds exclusively under I.C. § 9-4-7-9 in a guilty plea proceeding is not required by that statute to advise the defendant he is waiving his *Boykin* rights[11] by pleading guilty nor to advise the defendant of the range of penalties for the offense to which he is pleading. At the same time I.C. § 9-4-7-9 arguably requires the

---

9. The *Emert* court did not include any portion of the record in the opinion, but stated *the record showed* a voluntary and intelligent entry of a plea of guilty made with full knowledge of the defendant's constitutional rights. *Emert v. State,* 263 Ind. 340, 330 N.E.2d 750 (1975). Our own examination of the record reveals the defendant, in open court at the guilty plea hearing, signed a "Motion to Enter Plea of Guilt". Further, the record shows the judge asked the defendant questions concerning his education, if he could read and write, if he had read the form before signing it, if he understood the rights he was waiving, if he had consulted with his attorney, and if he had any questions. In short, although the constitutional rights being waived were written in the form, and not recited to the defendant by the trial judge, the judge's extensive questioning of the defendant provided an independent basis for the determination that

Emert was able to read the form, that he did read the form, that he understood his constitutional rights, and that he was aware he was waiving those rights. Record at 107–111.

10. Further, as a matter of state law, our supreme court has held the totality of the advisements mandated by I.C. § 35-35-1-2 are of constitutional dimension. *Austin v. State,* 468 N.E.2d 1027 (Ind.1984). Consequently, the failure to advise a defendant of any of the items enumerated in I.C. § 35-35-1-2 results in an invalid waiver of rights. *Id.* Therefore, the trial court must advise a defendant according to the mandate of I.C. § 35-35-1-2 prior to accepting a plea of guilty.

11. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

trial court to advise the defendant pleading guilty to a misdemeanor traffice offense of "rights" that are facially inappropriate at a guilty plea proceeding such as his rights to a reasonable continuance to engage counsel to subpoena witnesses, to have process issued to compel the attendance of witnesses and to appeal.[12]

At the same time a trial court who proceeds under I.C. § 35–35–1–2 is not explicitly required by the statute to inform the defendant his conviction becomes a part of his driving record or of other "rights" enumerated in I.C. § 9–4–7–9 such as to a reasonable continuance, subpoena powers and appeal.

Therefore, we take this forum to suggest the matter of the legislative intent as to the applicability and appropriativeness of both § I.C. § 9–4–7–9 and I.C. § 35–35–1–2 merits further legislative consideration and clarification.

### IV.

Finally, Hunt did not assert the unconstitutionality of I.C. § 35–35–1–2(b) in his motion to correct errors filed after denial of post-conviction relief. Therefore, he has waived that issue on appeal. Indiana Rules of Procedure, Appellate Rule 8.3(A)(7).

Judgment reversed and cause remanded with instructions to vacate the guilty plea.

BUCHANAN, C.J., concurs, with separate opinion.

SULLIVAN, J., concurs.

BUCHANAN, Chief Judge, concurring.

I concur, but solely on the basis that the waiver of rights signed by Hunt is deficient. The trial court failed to follow statutes applicable to guilty pleas in misdemeanor cases.

On October 3, 1983, Hunt and his attorney signed a court prepared waiver of rights form which read as follows:

*"WAIVER OF RIGHTS IN CONNECTION WITH A GUILTY PLEA FOR 'A' MISDEMEANOR*

The undersigned being the defendant in this action does hereby, in accordance with I.C. 35–35–1–2, acknowledge that in connection with the charge(s) against him, he:

(1) Understands the nature of the charge(s) against him;

2) By pleading guilty he waives his right to:

(a) a public and speedy trial by jury

(b) confront and cross examine the witnesses against him

(c) have compulsory process for obtaining witnesses in his favor; and

(d) require the State to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself.

3) Understands (a) that the maximum possible sentence can be *one year* and that the minimum sentence for the crime charged is no time, and (b) that if a guilty plea or verdict is tendered on more than one charge contained in this case or in other cases, that the Court may cause the sentences to run consecutively (one after another); and

4) States that he has not entered into any written recommendation with the deputy prosecutor.

The undersigned defendant advises the Court that he understands the above and waives his right to be formally advised by the Judge of his rights described herein and further waives each and every one of the foregoing rights."

*Record* at 53. The trial judge asked Hunt if his signature did in fact appear at the bottom of the form, but did not add any additional advisements before accepting Hunt's guilty plea to the charge of driving under the influence of intoxicating liquor.

In assessing the validity of Hunt's guilty plea, two statutes are relevant. The first, Ind.Code 35–35–1–2 (Supp.1985), provides:

---

12. In many aspects I.C. § 9–4–7–9 bears a closer resemblance to an initial hearing advisement statute such as Ind.Code Ann. § 35–33–7–5 (Burns Repl.1985) than to a guilty plea proceeding advisement statute.

"(a) The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant:

(1) understands the nature of the charge against him;

(2) has been informed that by his plea he waives his rights to:

(A) a public and speedy trial by jury;

(B) confront and cross-examine the witnesses against him;

(C) have compulsory process for obtaining witnesses in his favor; and

(D) require the state to prove his guilt beyond a reasonable doubt at a trial at which the defendant may not be compelled to testify against himself;

(3) has been informed of the maximum possible sentence and minimum sentence for the crime charged and any possible increased sentence by reason of the fact of a prior conviction or convictions, and any possibility of the imposition of consecutive sentences; and

(4) has been informed that if:

(A) there is a plea agreement as defined by IC 35-35-3-1; and

(B) the court accepts the plea;

the court is bound by the terms of the plea agreement.

(b) *A defendant in a misdemeanor case may waive the rights under subsection (a) by signing a written waiver.*

(c) Any variance from the requirements of this section that does not violate a constitutional right of the defendant is not a basis for setting aside a plea of guilty."

(Emphasis supplied) [hereinafter cited as the general guilty plea statute]. The other pertinent provision is IC 9-4-7-9 (1982) which declares that:

"Before accepting a plea of guilty to a misdemeanor traffic offense, the court shall inform the defendant of *his rights, which shall include, but not be limited to, the right to:*

(1) *engage counsel;*

(2) *a reasonable continuance to engage counsel to subpoena witnesses;*

(3) have process issued by the court, without expense to him, to compel the attendance of witnesses in his behalf;

(4) testify or not to testify in his own behalf;

(5) a trial by jury; and

(6) *appeal.*

The court shall inform the defendant if he is convicted, that a record of the conviction will be sent to the motor vehicle commissioner of this state or of the state where defendant received his license to drive, to become a part of his driving record."

(Emphasis supplied) [hereinafter cited as the traffic misdemeanor guilty plea statute].

Judge Shields properly observes that the rule of *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, applies to guilty pleas in misdemeanor cases as well as felony cases. Implicitly, this fact has been recognized by our general assembly. The general guilty plea statute, which both embodies and expands upon the rule of *Boykin,* provides that "[a] defendant in a misdemeanor case may waive the rights under subsection (a) by signing a written waiver." *See* IC 35-35-1-2(b). Obviously, there would be no need to provide for a written waiver in misdemeanor cases if misdemeanors were not intended to come within the coverage of the general guilty plea statute. This court has, however, previously held that the applicable advisements for a guilty plea to a misdemeanor traffic offense are contained in the traffic misdemeanor guilty plea statute. *See Mottern v. State* (1984), Ind.App., 466 N.E.2d 488. Thus, we are confronted with two statutes which facially address the same subject, misdemeanor guilty pleas. So, one must resort to rules of construction.

One prominent principle of statutory construction is that statutes relating to the same subject matter should be considered in pari materia, giving effect to both if they are not in irreconcilable conflict. *See* 2A *N.J. Singer, Sutherland Statutory Con-*

*struction* § 51.03 (1984). The general guilty plea statute relates to all guilty pleas while the traffic misdemeanor guilty plea statute deals only with traffic misdemeanors, but the principle of construing statutes in pari materia still applies. "General and special acts may be in pari materia. If so, they should be construed together. Where one statute deals with a subject in general terms, and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible...." *Id.* at § 51.05 (footnotes omitted). It is obvious that the provisions of the traffic misdemeanor guilty plea statute contain the more specific provisions. The courts have also recognized that "*all* of the items included in the [general] guilty plea statute are of equal weight. All are of 'constitutional dimension.'" *Jones v. State* (1984), Ind.App., 467 N.E.2d 757, 760. *See also German v. State* (1981), Ind., 428 N.E.2d 234. To the extent that the traffic misdemeanor guilty plea statute may be deficient in the advisements it offers, it must be read in pari materia with the general guilty plea statute. In this manner, both statutes may be given effect in a harmonious manner. *Baker v. State* (1985), Ind.App., 483 N.E.2d 772. If this view is taken, the number of advisements is increased.

All of the foregoing is of little comfort to trial judges who must process a high volume of misdemeanor cases. A miasma surrounds this field of law obscuring the vision of those who must advise defendants pleading guilty to misdemeanor offenses, whether by waiver or otherwise. Unlike some states, Indiana has not recognized that misdemeanors need not be treated with the same judicial strictness as felony cases. *See, e.g., Mills v. Municipal Court* (1973), 10 Cal.3d 288, 515 P.2d 288, 110 Cal.Rptr. 329. Indeed, it would appear that the misdemeanor-charged defendant has *more* rights to be advised of than one facing felony charges.

Turning to the case at bar, the record reveals that Hunt was not advised of his right to appeal, of his right to engage counsel, or of his right to a reasonable continuance to engage counsel to subpoena witnesses, all as required by the traffic misdemeanor guilty plea statute. The waiver did not include these advisements. Compliance with these advisements is held to be mandatory. *See Mottern, supra,* at 490 (failure to advise defendant of right to appeal was fatal to the validity of a traffic misdemeanor guilty plea). So, this judgment must be reversed, but there remains an urgent need for clarification as to which advisements must be given.