# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 20 2018, 6:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Liisi Brien
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Hane C. Harris, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 20, 2018 <br><br> Court of Appeals Case No. <br> 18A-PC-1995 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Marianne L. Vorhees, Judge <br><br> Trial Court Cause No. <br> 18C01-1605-PC-009 |

**Vaidik, Chief Judge.**

# Case Summary

[1] Hane C. Harris appeals the denial of his petition for post-conviction relief, arguing that his guilty plea was not knowing, voluntary, and intelligent because the trial court did not advise him of his rights as required by *Boykin v. Alabama*, 395 U.S. 238 (1969), or otherwise question him regarding his understanding and waiver of those rights. Because the trial court, at the guilty-plea hearing, referenced Harris's plea agreement, which sets forth his *Boykin* rights and provides that he will be waiving those rights by pleading guilty, and because Harris did not present any evidence that he did not know about his *Boykin* rights when he pled guilty, we affirm the post-conviction court.

# Facts and Procedural History

[2] In March 2007, the State charged Harris with Count 1: Class D felony strangulation and Count 2: Class A misdemeanor domestic battery. The State later added a habitual-offender count. On June 15, 2007, Harris and the State entered into a plea agreement. According to the agreement, Harris would plead guilty to Counts 1 and 2, and the State would dismiss the habitual-offender count. In addition, the plea agreement advised Harris that, by pleading guilty, he was waiving certain rights:

> The Defendant understands that the State and Federal Constitutions guarantee all criminal Defendants certain rights, among them being the rights to a public trial by jury, to a speedy trial, to be free from self-incrimination, to confront and cross-examine the State's witnesses, to have compulsory process for

obtaining witnesses for the defense, and to require the State to prove guilt beyond a reasonable doubt. The Defendant further understands that the entry of a guilty plea pursuant to this agreement waives those rights and constitutes an admission of the truth of all the facts alleged in the information count to which a plea of guilty has been entered. . . .

State's Ex. 1. Both Harris and his attorney signed the plea agreement. *Id.*

At the guilty-plea hearing the following week, the trial court engaged in the following colloquy with Harris:

> THE COURT: I'm looking at a document entitled Plea Agreement, is that your signature on the very last page?
>
> [HARRIS]: Yes, ma'am.
>
> THE COURT: And it indicates that you're going to plead guilty to Counts 1 and 2, that you have an agreed upon sentence and the State's going to dismiss the habitual offender enhancement, is that your understanding?
>
> [HARRIS]: Yes, ma'am.
>
> THE COURT: **Before I can accept a guilty plea from you, I have to be satisfied that you fully understand your constitutional rights, that your plea of guilty is being made freely and voluntarily, and that you in fact committed the crime.** Therefore, I have to ask you some questions and hear some evidence. If you don't understand the questions, or the

|  |  |
|---|---|
|  | words that I use, please let me know and I will explain them to you. You may also speak privately with your attorney at any time. Do you understand that? |
| [HARRIS]: | Yes, ma'am. |

* * * * *

|  |  |
|---|---|
| THE COURT: | Have you ever been treated for any mental illness? |
| [HARRIS]: | No, ma'am. |
| THE COURT: | To your knowledge, do you now suffer from any mental or emotional disability? |
| [HARRIS]: | No, ma'am. |
| THE COURT: | Are you now under the influence of any alcohol or any drugs? |
| [HARRIS]: | No, ma'am. |
| THE COURT: | Do you want me to withdraw your earlier pleas of not guilty and plead guilty to Counts 1 and 2 pursuant to the written Plea Agreement? |
| [HARRIS]: | Yes, ma'am. |

> THE COURT: **It's already placed in your plea agreement, the legal and constitutional rights that you'll be giving up by entering into this plea. Do you understand that you will be giving up those rights?**
>
> [HARRIS]: Yes, I do.

Def.'s Ex. 1, pp. 3-4 (emphases added). After the trial court asked Harris additional questions regarding whether he had been forced or threatened to plead guilty and a factual basis was established, the court said:

> The Court finds the Defendant is 40 years old. He understands the nature of the charges against him to which he has moved to plead guilty. He understands the possible sentences for the crimes. His pleas are freely and voluntarily made and that there is a factual basis for the pleas. The Court will accept the offers of pleas of guilty and find the Defendant Guilty of Count 1 . . . and Count 2 . . . and enter judgement of conviction accordingly. The Court will approve the written Plea Agreement . . . .

*Id.* at 10; *see also* State's Ex. 2 (trial court's order on guilty plea).

[4] In 2016, Harris filed a pro se petition for post-conviction relief, which was later amended by counsel. The petition alleged that Harris's guilty plea was not knowing, intelligent, and voluntary because the trial court did not advise him of his *Boykin* rights. Appellant's App. Vol. II p. 19. Before the hearing on his petition was held, Harris filed a waiver of his right to be present, in which he stated that he was not an essential witness and would not be "taking the stand." *Id.* at 25.

At the hearing, Harris introduced the transcript of his guilty-plea hearing, and the State introduced the plea agreement. In accordance with the waiver, Harris did not testify. After taking the matter under advisement, the post-conviction court entered an order denying Harris's petition. Specifically, the court concluded:

> 9. The parties agree to the facts and procedural posture as set forth above. This Amended Petition presents a legal issue: whether Petitioner is entitled to post-conviction relief because the trial court did not advise him **specifically, out loud during the guilty plea hearing** that he was waiving his *Boykin* rights by pleading guilty. Or, was it sufficient for the trial court judge to reference the written rights recitation in the Plea Agreement that the Petitioner acknowledged signing.

> \* \* \* \* \*

> 11. I am satisfied the Record shows Petitioner knowingly waived his *Boykin* rights. He executed a Plea Agreement, with counsel also signing off on the Agreement. The Plea Agreement recited all the constitutional rights which the trial court must include in a *Boykin* advisement.

> 12. It is clear from the record that Petitioner knew he was waiving the constitutional rights discussed in *Boykin*. Petitioner's Plea Agreement specifically indicated that by pleading guilty, Petitioner was waiving the constitutional rights specified by the United States Supreme Court in *Boykin*. Petitioner has also acknowledged that he signed the plea agreement and that he understood its terms.

> 13. Petitioner was adequately notified of his *Boykin* rights. . . .

*Id.* at 48.

Harris now appeals.

# Discussion and Decision

Harris contends that the post-conviction court erred in denying relief. A person who files a petition for post-conviction relief has the burden of establishing the grounds for relief by a preponderance of the evidence. *Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014). If the post-conviction court denies relief, and the petitioner appeals, the petitioner must show that the evidence leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 269.

Harris argues that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to make an "independent determination" that he understood the constitutional rights he was waiving by pleading guilty. Appellant's Br. p. 10.[1] According to *Boykin*, a trial court must be satisfied that a defendant is aware of his right against self-incrimination, his right to trial by jury, and his right to confront his accusers before accepting a guilty plea. *Dewitt*

---

[1] In support, Harris cites *Hunt v. State*, 487 N.E.2d 1330 (Ind. Ct. App. 1986), where we held that a trial court's failure to make an independent determination of a defendant's understanding of the rights he was waiving was automatically grounds for post-conviction relief. However, that part of *Hunt* is no longer good law. *Maloney v. State*, 684 N.E.2d 488, 490-91 (Ind. 1997) (noting a split in the Court of Appeals on the issue and concluding that the *Hunt* view was no longer good law); *White v. State*, 497 N.E.2d 893, 905 (Ind. 1986).

*v. State*, 755 N.E.2d 167, 171 (Ind. 2001); *see also* Ind. Code § 35-35-1-2 (noting that the trial court shall not accept a plea of guilty without first determining that the defendant has been informed that he is waiving certain rights). However, *Boykin* does not require that the record of the guilty-plea proceeding show that the defendant was formally advised that entry of his guilty plea waives certain constitutional rights, nor does *Boykin* require that the record contain a formal waiver of these rights by the accused. *Dewitt*, 755 N.E.2d at 171. *Boykin* does not require a conviction to be vacated if the defendant knows or is advised at the time of his plea that he is waiving his *Boykin* rights. *Davis v. State*, 675 N.E.2d 1097, 1103 (Ind. 1996).

[9]     In other words, a petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to advise him of his *Boykin* rights has not met his burden of proof. *White v. State*, 497 N.E.2d 893, 905 (Ind. 1986) (explaining that the previous rule, which required strict compliance with the list of advisements, "led to reversal in instances where the trial judge's omission [could not] genuinely be said to have worked an injustice or, indeed, . . . made any difference at all"). Rather, the petitioner must present evidence from which the post-conviction court could conclude by a preponderance of the evidence that the trial judge's failure to advise him that he was waiving his *Boykin* rights by pleading guilty rendered his decision involuntary or unintelligent. *Id.* The only petitioners entitled to relief are those "who can prove that they were actually misled by the judge, the prosecutor, or defense counsel about the choices before them." *Id.* at 905-06.

Here, it appears to us that the trial court made an independent determination that Harris understood he was waiving his *Boykin* rights by pleading guilty. The court said that before it could accept Harris's guilty plea, it had "to be satisfied that [Harris] fully underst[ood] his constitutional rights." Def.'s Ex. 1, p. 3. The court then referenced Harris's plea agreement, which sets forth his *Boykin* rights and provides that, by pleading guilty, he will be waiving those rights. The court told Harris that the plea agreement, which Harris admitted signing, contained the constitutional rights that he was waiving. *See id.* at 4 ("It's already placed in your plea agreement, the legal and constitutional rights that you'll be giving up by entering into this plea."). The court asked Harris if he understood that he would be giving up those rights, and Harris said yes. At the end of the hearing, the court concluded that Harris's guilty plea was freely and voluntarily made.

But even if the court did not make a sufficient independent determination, Harris is still not entitled to post-conviction relief. That is because our Supreme Court has held that *Boykin* does not require a conviction to be vacated if the defendant knows or is advised at the time of his plea that he is waiving his *Boykin* rights. *Davis*, 675 N.E.2d at 1103. Harris did not present any evidence that he did not know about his *Boykin* rights when he pled guilty, such as that he did not actually read his plea agreement or that he could not read. Indeed, Harris did not testify at the post-conviction hearing or present any evidence other than the guilty-plea transcript. As our Supreme Court has reiterated, a "petitioner for post-conviction relief has the burden of establishing his grounds

for relief by a preponderance of the evidence." *Hall v. State*, 849 N.E.2d 466, 472 (Ind. 2006). Harris did not meet that burden here. We therefore affirm the post-conviction court.

[12] Affirmed.

Mathias, J., and Crone, J., concur.