Donner Joseph LeBLANC, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 72-3509

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 17, 1973.

Rehearing Denied May 14, 1973.

New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Richard M. Olsen, New Orleans, La. (Court Appointed), for petitioner-appellant.

Thomas P. McGee, Asst. Dist. Atty., Parish of Jefferson, Gretna, La., William J. Guste, Jr., Atty. Gen., S. J. Dileo, Jr., Special Counsel, Baton Rouge, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

JOHN R. BROWN, Chief Judge:

This appeal is taken from denial of a writ of habeas corpus below on grounds that (i) Appellant's conviction in the State Court resulted from a plea of guilty entered by his appointed counsel in violation of Article 553 of the Louisiana Code of Criminal Procedure [1] and (ii) the plea of guilty was neither voluntary or knowingly made.[2]

A brief recital of the events preceding this appeal will suffice. Donner Joseph LeBlanc was arraigned on February 12, 1970 at which time he was accused of armed robbery which carries a sentence of five (5) to ninety-nine (99) years imprisonment in Louisiana. He entered a plea of not guilty to the charge. On June 10, 1970, just prior to the trial, LeBlanc withdrew his plea of not guilty and entered a plea of guilty, waiving all delays for sentencing. He subsequently was sentenced to a term of six years at hard labor without the benefit of parole.

On June 8, 1971, LeBlanc filed a writ of habeas corpus in the District Court of Louisiana. An evidentiary hearing was held after which the Defendant's request for the writ was denied. On appeal to the Supreme Court of Louisiana the writ was again denied. Rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557.

■ Having exhausted his state remedies, LeBlanc filed the present petition for writ of habeas corpus in the United States District Court. Regarding Appellant's first assertion listed above, the Court below found, and we think correctly so, that it challenged only adherence to state statutory procedures and

1. Article 553 of the Louisiana Code of Criminal Procedure provides in part—
"In a felony case the defendant shall plead in person. In a misdemeanor case the defendant may plead not guilty through counsel, and may plead guilty through counsel with consent of the court. . . ."

2. As to the plea, the extract from the minutes of the State Court contained the following verbatim entry—
"The accused, Leblanc, appeared before the Bar of the Court this day and this day and through attorney H. Lee withdrew his former plea of "not guilty" and entered a plea of "guilty as charged", which plea was ordered to be recorded. Delays waived. It is ordered by the Court that the accused for this offense suffer imprisonment in the Louisiana State Penitentiary for a period of six (6) years at hard labor. Defendant gave his age as 24 years old, born November 21, 1945. Bond cancelled, if any. John M. Mamoulides, Assistant District Attorney, representing the State."

failed to raise a federal constitutional question.[3]

▮ Regarding Appellant's second contention, the Trial Court below distinguished this case from *Boykin*[4] on the grounds that the first habeas corpus petition in the State Court resulted in a post-conviction evidentiary hearing which established that LeBlanc's guilty plea was voluntary. In answer to Appellant's contention that he was unaware of his ineligibility for parole, the Trial Court correctly held, as we have, that a trial judge is not required to inform a defendant of his ineligibility for parole. Onick v. United States, 5 Cir., 1970, 425 F.2d 1292, cert. denied, 1970, 400 U.S. 846, 91 S.Ct. 92, 27 L.Ed.2d 83; Sanchez v. United States, 5 Cir., 1969, 417 F.2d 494; Trujillo v. United States, 5 Cir., 1967, 377 F.2d 266, cert. denied, 1967, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221. While we agree with the lower courts' treatment in respect to a trial court's absence of duty to warn a defendant of his ineligibility for parole and under the circumstances of this case, we agree with its acceptance of evidence obtained in a post-conviction hearing as curative of the otherwise defective trial transcript, we hasten to point out that a post-conviction hearing is not a panacea. The Supreme Court stated in *Boykin*:

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence. When the judge discharges that function, he leaves a record adequate for any review that may be later sought . . . and *forestalls the spin-off of collateral proceedings that seek to probe murky memories.*" 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274.

This language italicized bespeaks of precisely what normally occurs in a post-conviction evidentiary hearing. The meaning of *Boykin* is manifestly clear. It is error, plain on the face of the record, for a trial judge to accept a guilty plea without an affirmative showing that it is intelligently and voluntarily made. This Court will continue to scrutinize with guarded caution those situations, such as this one where the

---

3. We would add that this contention has been addressed by the High Court of the State of Louisiana and their failure to find reversible error is, as it should be, dispositive.

In its opinion at 559 note 2, the Supreme Court of Louisiana disposed of this contention by stating—

"The record reflects that this allegation is obviously without merit. Although the defense attorney addressed the court to introduce the guilty plea, the trial judge addressed the defendant personally to authenticate the plea."

The record developed here by Petitioner does not cast any doubt on the Court's factual statement.

The interest sought to be protected by Article 553 may be gleaned from an "Official Revision Comment" relative to the statute which states in part—

" . . . Louisiana's requirement that the defendant plead 'in person', has the advantage of making doubly sure that the defendant is fully cognizant of the plea entered. The history and purpose of this requirement is explained by Orfield, who states:

'At common law an attorney for the defendant could not plead guilty for the defendant even when the defendant stood by in apparent acquiescence. This rule was relaxed only in the case of misdemeanor . . .'"

" 'There are a few modern cases holding that the defendant's attorney may plead guilty for him in his presence. But the courts are reluctant to deviate from the rule. It is possible that a defendant may be too confused or too ignorant to follow the proceedings in court and might not know that a plea of guilty is being entered for him.' *Orfield*, Criminal Procedure from Arrest to Appeal, 294, 295 (1947). The ALI commentary lists seventeen states having statutes providing that 'the plea of guilty can only be put in by the defendant himself.' "

4. Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

reviewing court cannot ascertain from the trial transcript that the stringent due process requirements imposed upon the states by Boykin v. Alabama, *supra,* have been complied with scrupulously.

But because of the overwhelming showing in the state habeas hearing that the plea was in fact knowingly made with awareness of its consequences [5] in respect of those requirements having constitutional statute, we conclude that the District Court could so find.

Affirmed.

---

5. Not the least of the evidence was Appellant's own admission at the post-conviction hearing that he knew prior to entering the plea that the judge was going to sentence him to six years imprisonment.