Ronald Lee FISHER,  # 049939,
Petitioner,

v.

Louie L. WAINWRIGHT, Director Division of Corrections, State of Florida, Department of Health and Rehabilitative Services, Respondent.

74–703 Civ. T-K.

United States District Court,
M. D. Florida,
Tampa Division.

Aug. 1, 1977.

Charles H. Livingston, Sarasota, Fla., for petitioner.

William I. Munsey, Jr., Asst. Atty. Gen., State of Fla., Tampa, Fla., for respondent.

## OPINION

KRENTZMAN, District Judge.

This is a habeas corpus proceeding pursuant to 28 U.S.C. § 2254, wherein the petitioner seeks release from confinement in accordance with his plea of nolo contendere in Circuit Court of Pinellas County, Florida. The petitioner, Ronald Lee Fisher, pled nolo contendere and was sentenced to life imprisonment for rape, and a concurrent fifteen year sentence for kidnapping. On direct appeal to the Florida District Court of Appeals, petitioner's conviction was affirmed *per curiam* and without opinion. *Fisher v. State*, 302 So.2d 219 (2d DCA Fla. 1974).

The essence of petitioner's habeas corpus claim is premised on his allegation that his plea of nolo contendere was neither intelligent nor voluntary because he was presented with a Hobson's choice [1] of entering into a plea arrangement or going forward to trial represented by ineffective and unwilling counsel.

The United States Magistrate, pursuant to a general order of assignment, submitted a report recommending an evidentiary hearing on the petitioner's claim and appointed counsel to represent the petitioner. Such an evidentiary hearing was held before the Court on June 23, 1976.

### The Record Before the State Court

The record in this matter indicates that two informations were filed against the petitioner in July, 1973, charging him with rape and kidnapping. Counsel for petitioner was appointed soon after the first information was filed, but said counsel moved to withdraw when the petitioner retained his own attorney. Retained counsel moved to withdraw representation on August 14, 1973, citing a canon of professional responsibility as grounds for his motion. Soon thereafter the petitioner retained the services of Mr. John Edman who continued to represent the petitioner throughout the remainder of the state court proceedings.

On September 19, 1973 petitioner moved for and was granted a continuance of the trial which was then rescheduled for November 6, 1973. Several days prior to the November trial date, the parties stipulated to a continuance until December 3, 1973.

On December 3, 1973 petitioner again moved for a continuance of the trial, but this request was denied by the trial judge. Thereupon counsel for the petitioner stated on the record:

> Counsel: I feel that the Court's motions—or denial of my motions up-to-date have denied me the opportunity to effectively defend the defendant in the case, and I have asked to withdraw as counsel of record. It is my understanding the Court has denied that motion, and has directed the trial to proceed today.

The Court: That is correct.

The colloquy between the trial judge and counsel which followed these statements resulted in the court's ruling that the denial of the petitioner's substantive motions would be preserved for appellate review.

Next the court turned to the petitioner and questioned him regarding the nature of his desire to plead nolo contendere. The court inquired as to the petitioner's age and marital status and whether he was under the influence of any drug or alcohol. The court explained to the petitioner the possible sentences for the two charges and also questioned him whether any promises were made in connection with the plea arrangement. Also, the court inquired of the petitioner whether he was apprised of his right to a jury trial. Upon an affirmative answer, the Court informed the petitioner a jury could be selected and the trial could start on that same day.

The trial judge then inquired:

> The Court: You have been represented right along in these cases by Mr. Edman, is that correct?

---

1. "Where to elect there is but one, 'tis Hobson's choice, take that or none." England's Reformation, Chapter IV, page 326.

Petitioner: That's right.

The Court: Are you satisfied with that representation?

Petitioner: No.

The Court: You're not. In what manner are you not satisfied?

Petitioner: Well, mainly because he says he can't, you know, continue representing me in the trial. Well, he didn't want to go to trial with it. And so I know I wouldn't have a chance in there, as it is.

The Court: Mr. Fisher, other than a disagreement with a judgment decision on the part of your attorney, which that is, do you have any other complaints with the representation?

Petitioner: No, I don't.

*The District Court Evidentiary Hearing*

■ Pursuant to this Court's order, an evidentiary hearing was held at which time the petitioner was present with his court appointed counsel. A record of the proceedings was made and is available for transcription. Petitioner and his former attorney, John Edman (hereinafter in the finding of facts referred to as attorney) were the only two witnesses who testified at the hearing. The only other evidence received was the transcript of the state change of plea hearing. Based upon the evidence received at the hearing the Court enters the following findings of fact:

1. The petitioner and his attorney had on numerous occasions discussed the trial, the possible defenses, and alternative pleas.

2. The attorney upon consideration of multiple factors (the denial of the motion to suppress, the denial of the motion for continuance, the denial of the motion to withdraw, the time to prepare for a new defense strategy after discussions with the petitioner regarding the defense of drunkenness, the report of the psychiatrist, the plea agreement offered by the prosecutor to concurrent terms and a nolo contendere plea, and the opportunity to present the denial of the

motions to an appellate court) advised his client, the petitioner, that the best alternative in the present instance was to plead nolo contendere.

3. The attorney, although he was of the opinion the plea of nolo contendere was the best alternative and had so advised his client, would have gone to trial had the petitioner decided he wanted a trial. The attorney did not threaten to remain mute during the trial had the petitioner demanded a trial.

4. The petitioner knew at the time of the change of plea hearing that by pleading nolo contendere he was waiving his right to a jury trial, to testify on his own behalf, and to cross examine his accusers.

5. The petitioner during the change of plea hearing expressed his dissatisfaction with his attorney. After characterizing petitioner's complaint as a disagreement with counsel over a judgment decision, the state judge inquired whether petitioner had any other complaints. Petitioner responded in the negative.

6. The petitioner was neither threatened or coerced into pleading nolo contendere, nor were any promises made in exchange for his plea. The plea of nolo contendere entered by the petitioner on December 3, 1973 was voluntary and knowing.

*Conclusions of Law*

At the outset of consideration of this petition for habeas corpus relief, the Court was presented with the multi-faceted question of whether petitioner's plea of nolo contendere was voluntary and knowing because of the denial of petitioner's motion for continuance and because petitioner was represented by ineffective and unwilling counsel. At the conclusion of argument following the evidentiary hearing, counsel for petitioner had reduced his claim to the sole issue of whether petitioner's plea was voluntary and knowing. Rather than fail to consider any issue raised and subsequent-

ly abandoned, the Court will consider the effect of the denial of the petitioner's December 3, 1973 motion for continuance, the effective assistance of counsel, and the voluntariness of petitioner's plea. The Court will consider these issues in light of the transcript of the state court hearing, the testimony of the two witnesses and the evidence introduced at the evidentiary hearing before this Court, and the court file. *McChesney v. Henderson,* 482 F.2d 1101 (5th Cir. 1973)[2].

### (A) The Motion for Continuance

█ Although tangentially presented, the denial of petitioner's motion for continuance on December 3, 1973 and its effect on the effective assistance of counsel rendered by petitioner's attorney warrants consideration. In *Hintz v. Beto,* 379 F.2d 937, (5th Cir. 1967) the Fifth Circuit found that the right to counsel afforded under "the Sixth Amendment means the effective assistance of counsel and effective assistance requires time for preparation."[3] Rather than a mechanical application of a rigid standard, the review of whether the denial of a motion for continuance is so arbitrary as to violate due process or to deny petitioner's right to effective assistance of counsel rests with an analysis of the facts and arguments presented at the time the motion is denied. *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), and *Davis v. Alabama,* 545 F.2d 460 (5th Cir. 1977).

At the time of the denial of petitioner's last motion for continuance on December 3, 1973, the state court had previously granted one two month long continuance, the parties had stipulated to another month long continuance, and petitioner's attorney had been involved in the case for over three months. The final motion for continuance was presented to the state court on the date on which the trial was to commence. Additionally, all substantive motions and requested examinations had been ruled upon and or completed.

█ Thus, the facts reflect that the attorney for petitioner had ample time to prepare and was in fact prepared to represent the petitioner. The denial of the motion for continuance presented at the final hour was within the discretion of the trial judge and cannot be considered either a fifth or sixth amendment violation.

### (B) Effective Assistance of Counsel

█ It is well established that a petitioner may attack the voluntary and knowing character of his plea by showing that counsel's advice was not "within the range of competence demanded by attorneys in criminal cases." *Tollett v. Henderson,* 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) and *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1969). The Supreme Court's rulings on this point have evolved from previous decisions which found a criminal defendant was entitled to rely on his attorney to independently examine the facts, laws, defenses, and pleadings and then to offer his opinion regarding a plea. *Von Moltke v. Gillies,* 332 U.S. 708, 721, 68 S.Ct. 316, 92 L.Ed. 309 (1948). The attorney's responsibility to the defendant who is about to plead is thus to determine that the defendant's plea is knowing and voluntary. To be genuinely voluntary and knowing the defendant must possess an understanding of the law in relation to the facts and it is the function of defendant's attorney to provide such an understanding and appreciation. *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

█ A challenge to an attorney's competence in the plea context can be made by demonstrating counsel's "failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would show the existence of a constitutional claim." *Tollett, supra,* 411 U.S. at 266, 267, 93 S.Ct. at 1608. Another element for consideration, although rarely in and of itself dispositive of the

---

**2.** *LeBlanc v. Henderson,* 478 F.2d 481 (5th Cir. 1973) and *Oaks v. Wainwright,* 445 F.2d 1062 (5th Cir. 1971).

**3.** *Hintz* at 941.

competence issue,[4] is the amount of time counsel had to prepare for the case and the amount of time expended in consultation with his or her client concerning the plea. *Herring v. Estelle,* 491 F.2d 125, 128 (5th Cir. 1974).[5] The petitioner's burden in such a challenge is to illustrate to the court instances in which counsel's advice and or behavior fell below the "range of competence demanded by attorneys in criminal cases."

The only argument presented by petitioner with regard to the competence of his attorney relates to petitioner's statements at the state change of plea hearing. Although those statements by petitioner do not assail his attorney's competence, they do intimate petitioner's dissatisfaction with counsel. For the purpose of the effective assistance of counsel, petitioner would have the Court interpret his statements before the state court to indicate petitioner's subjective belief that his attorney was unwilling to participate as trial counsel. To adopt the petitioner's argument the Court would have to overlook the state judge's assessment of the petitioner's complaint and this Court's finding that petitioner's attorney was prepared and willing to try the case.

█ Although it would be impossible for the Court to hypothesize as to the exact motivation for petitioner's statements concerning his attorney, the Court must note that "all guilty pleas are the result of some promises or influences on the mind of the defendant." *Schnautz v. Beto,* 416 F.2d 214, 215 (5th Cir. 1969). The rapid pace of events on December 3, 1973 regarding the denial of the motion to continue and the motion to withdraw, the possibility of a nolo contendere plea with the right to appeal the denial of the substantive motions, all no doubt left counsel and petitioner groping for the best alternative. Counsel, as the manager of the lawsuit and whose responsibility it was to give the petitioner an informed opinion of the law in relation to the facts, recommended that petitioner plead nolo contendere. Having relied on counsel's advice, although no doubt somewhat grudgingly, petitioner cannot now urge that his plea was involuntary and coerced by his counsel's recommendation and behavior. *Schnautz* at 215. Indeed, this petition is by no stretch of the facts a case like *United States v. Woods,* 487 F.2d 1218 (5th Cir. 1973) wherein defendant simultaneously asserted his dissatisfaction with counsel, which was substantiated upon the record as a whole, and at the same time indicated his own inability to proceed pro se.

With the exception of petitioner's statement regarding his attorney at the change of plea hearing and which the state judge, whose analysis is critical, characterized as a disagreement with counsel over a judgment decision, the record is devoid of any reliable evidence which would vitiate the competence or diligence of petitioner's attorney.

Having considered and rejected the petitioner's claim regarding his attorney's willingness for trial and competence, the Court need not discuss the other facts which clearly reveal the competence of petitioner's attorney.

(C) Voluntariness of the Plea

█ In *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Supreme Court delineated the meaning of a voluntary and knowing guilty plea. Although the issue in this case involves the voluntary and knowing plea of nolo contendere, the Court is of the opinion the standard of analysis is the same. *Boykin* mandated an affirmative showing of waiver with regard to the defendant's privilege against self-incrimination, right to a jury trial, and right to confront his accusers. *Boykin,* 395 U.S. at 234, 89 S.Ct. 1709. *Brady* enunciated the guidelines for voluntariness by adopting specific language from Judge Tuttle's opinion in *Shelton v. United States,* 242 F.2d 101 (5th Cir. 1957).

---

**4.** *O'Neal v. Smith,* 431 F.2d 646 (5th Cir. 1970).

**5.** *Walker v. Caldwell,* 476 F.2d 213 (5th Cir. 1973) and *Lamb v. Beto,* 423 F.2d 85 (5th Cir. 1970).

" "(A) plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).' 242 F.2d at page 115."

Thus, the Supreme Court has established that defendants who decide to plead guilty must do so in complete awareness of the consequences of their action which includes both the ramifications of the possible punishment and the waiver of the rights and privileges set forth in *Boykin*, and additionally that defendant do so free from coercion, threats, or improper promises. Subsequent to *Boykin* and *Brady* the Fifth Circuit has established two additional principles which are relevant to the petitioner's plea in the present instance: 1) there is no express requirement that specific articulation of the three constitutional rights mentioned above in *Boykin* need be given at the time of acceptance of the plea,[6] and 2) evidence adduced at a post-conviction habeas corpus proceeding may be considered in the determination of the voluntary and knowing character of a plea.[7]

The Central challenge to petitioner's plea in light of *Boykin*, *Brady* and their progeny is that the state court judge failed to ascertain whether the petitioner's plea was in fact voluntary and knowing.[8] The petitioner emphasizes this claim by reference to the petitioner's statements at the change of plea hearing regarding his attorney. In light of the inadequacy of the state court transcript in this instance, the burden is upon the state to show that the plea was entered into voluntarily and knowingly. A consideration of the totality of facts surrounding the change of plea decision and the hearing itself and the applicable law indicate to the court the state has carried the burden of showing the petitioner's decision to plead nolo contendere was voluntary and knowing as a matter of law and fact.

The state court at the change of plea hearing informed the petitioner of his right to a jury trial, and the maximum possible sentence for violations charged. The court inquired whether the petitioner was under the influence of any drugs or alcohol and whether any promises had been exchanged for his plea. The court also questioned the petitioner about his previous criminal record and his personal history. At the evidentiary hearing held by this court the petitioner stated he was aware at the time of his change of plea that by pleading nolo contendere he waived his right to a jury trial, to confront his accusers, and to testify on his own behalf. The petitioner also stated he was not threatened or coerced into pleading nolo contendere.

Thus the state has carried its burden of showing petitioner to have voluntarily and knowingly pled nolo contendere. Accordingly, the petition for writ of habeas corpus should be, and it is hereby, DENIED and the case is DISMISSED. The Clerk of the Court is directed to enter judgment in accordance with this opinion and the parties are directed to bear their own costs.

---

**6.** *McChesney v. Henderson*, 482 F.2d 1101 (5th Cir. 1973); *Wade v. Coiner*, 468 F.2d 1059 (4th Cir. 1972) and *United States v. Frontero*, 452 F.2d 406 (5th Cir. 1971).

**7.** *See* note 2 *supra*.

**8.** Although this court has always followed the practices implemented through Rule 11, Fed.R. Cr.P. even prior to the 1975 Amendments, and is well aware of the salutary effects to be gained from such a procedure, it is also aware that state judges are not bound by the prophylactic strictures of Rule 11. *Roddy v. Black*, 516 F.2d 1380 (6th Cir. 1975). Were the court to analyze the procedures utilized herein by the state court in light of Rule 11 and recent interpretations thereof, *United States v. Coronado*, 554 F.2d 166 (5th Cir. filed June 16, 1977) it would be compelled to grant the petition for habeas corpus relief.