**Ronald Lee FISHER, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Department of Health and Rehabilitative Services, Respondent-Appellee.**

No. 77–3022.

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1978.

Charles H. Livingston, (Court Appointed), Sarasota, Fla., for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., William I. Munsey, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before RONEY, RUBIN and VANCE, Circuit Judges.

VANCE, Circuit Judge.

On a plea of nolo contendere Ronald Lee Fisher was convicted in Florida state court and was sentenced to life imprisonment for rape and to a concurrent fifteen year term for kidnapping. After exhausting state remedies,[1] he petitioned the district court for a writ of habeas corpus. We affirm the lower court's denial of his petition.

Fisher's application for habeas corpus relief is grounded on the claim that his nolo plea was involuntarily made. He contends that he was forced to enter the plea when faced with the prospect of going to trial believing that he had ineffective counsel.[2]

---

1. The District Court of Appeal of Florida, Second District, affirmed the judgment and sentences per curiam and without opinion. *Fisher v. State,* 302 So.2d 219 (Fla. 2d Dist.Ct. App.1974). Appeal to that court is sufficient exhaustion of remedies to warrant federal habeas corpus relief. *Bartz v. Wainwright,* 451 F.2d 663 (5th Cir. 1971).

2. Fisher does not question the actual effectiveness of his counsel. Rather, he contends that he *thought* his attorney would be inadequate

Fisher also argues that the state trial judge should have informed him of his right to effective assistance of counsel after the judge had been put on notice that Fisher was dissatisfied with his counsel. In failing to do so, Fisher asserts, the judge breached his duty to determine whether the nolo plea was based on a fear of inadequate representation, and was consequently involuntary.

■■■ When an accused enters a plea of no contest, he waives his right to testify in his own behalf, the right to a jury trial and the right to confrontation.[3] For waivers of constitutional rights to be valid, the due process clause requires that they be voluntarily and intelligently made. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *See Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

■■■ The voluntariness of a plea is determined by "considering all of the relevant circumstances surrounding it," *Brady, supra*, 397 U.S. at 749, 90 S.Ct. at 1469, and must be shown affirmatively in the record, *see Boykin, supra*, 395 U.S. at 242, 89 S.Ct. 1709. Evidence obtained at a post-conviction proceeding may serve to supplement the trial transcript and may be used in determining whether a plea was voluntarily made. *See McChesney v. Henderson*, 482 F.2d 1101 (5th Cir. 1973); *LeBlanc v. Henderson*, 478 F.2d 481 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). The lower court determined from the state trial record and the facts established at a federal evidentiary hearing, that the plea was voluntarily made. It found that:

> The state court at the change of plea hearing informed the petitioner of his right to a jury trial, and the maximum possible sentence for violations charged. The court inquired whether the petitioner was under the influence of any drugs or alcohol and whether any promises had been exchanged for his plea. The court also questioned the petitioner about his previous criminal record and his personal history. At the evidentiary hearing held by this court the petitioner stated he was aware at the time of his change of plea that by pleading nolo contendere he waived his right to a jury trial, to confront his accusers, and to testify on his own behalf. The petitioner also stated he was not threatened or coerced into pleading nolo contendere.

*Fisher v. Wainwright*, 435 F.Supp. 253, 259 (M.D.Fla.1977).

■■ The lower court also found that Fisher's attorney was prepared and willing to go to trial, if necessary. Fisher claims that this post-factum determination was based on knowledge unavailable to him at the time he made his plea decision. The record reveals, however, that Fisher was aware that his attorney would be willing to go to trial. He stated at the post-conviction proceeding:

> [My lawyer] had always [asked] me if I wanted to change my plea, and I would always say no, and then I would always ask him if he would be ready to take my case to trial and he would always state yes, he was.

Later, Fisher testified that his lawyer threatened to "just sit there" if forced to go to trial. The attorney denied that accusation. Certainly the attorney's denial was made under circumstances in which his professional reputation was at stake; however, the district judge is in a better position to judge the credibility of the witnesses, and

---

because the lawyer moved to withdraw as counsel of record in the case after the defense's motion for continuance and motion to suppress had been denied. From this apparent dilatory tactic, Fisher inferred an unwillingness, on the part of his attorney, to go to trial.

**3.** A plea of nolo contendere, like a guilty plea, abbreviates normal trial procedure. It forecloses the admission of further evidence and enables the trial court to enter a conviction based on that plea alone. It is not, however, an admission of guilt. The nolo plea is a statement that the accused is unwilling to contest the case against him. Because of this distinction, the plea of nolo contendere may not be used against the defendant in subsequent civil litigation based on the same acts. *See generally* 1 C. Wright, *Federal Practice and Procedure: Criminal* § 177 (1969).

his decision will not be disturbed unless clearly erroneous. *White v. Estelle*, 566 F.2d 500 (5th Cir. 1978); *Parnell v. Wainwright*, 464 F.2d 735 (5th Cir. 1972); *Perkins v. Henderson*, 418 F.2d 441 (5th Cir. 1969). After reviewing the entire record, we find that no reversible error was committed in the court below.

AFFIRMED.