**Willie C. YOUNGBLOOD, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 48S02–8908–PC–610.

Supreme Court of Indiana.

Aug. 8, 1989.

Susan K. Carpenter, Public Defender, Hope Fey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

The question presented is whether a guilty plea record in which the trial court did not advise the defendant of his *Boykin* rights may be rehabilitated through testimony during a post-conviction hearing. We hold that it may.

In 1973, Youngblood pled guilty to aggravated assault and battery in return for a suspended sentence. He later filed a petition for post-conviction relief asserting, among other things, that his plea was not entered voluntarily and intelligently. The trial court denied Youngblood's petition and the Court of Appeals affirmed. *Youngblood v. State*, 528 N.E.2d 1173 (Ind. App., 1988). Because this Court has not addressed the question presented, we grant transfer.

The "advisement" of rights preceding Youngblood's plea was in a form common at the time. The trial judge asked Youngblood whether his attorney had advised him of his rights. Youngblood said he had. The record of the guilty plea hearing did not contain any other indication that the defendant understood the rights he was waiving by pleading guilty.

Youngblood argues that his plea was taken in derogation of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), because the record does not disclose that the defendant knew he was waiving the three specified *Boykin* rights. In this Court's opinion outlining the standard applicable to post-conviction challenges to guilty pleas, we said: "Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* will require that his conviction be vacated." *White v. State* (1986), Ind., 497 N.E.2d 893, 905.

Although the record of the guilty plea does not reveal any advisement of the three *Boykin* rights, during the post-conviction trial the State called the two lawyers who represented Youngblood during 1973. Attorney Al S. Woolbert testified that he had explained to Youngblood the three particular *Boykin* rights. Attorney

Walter Dietzen testified that he told Youngblood about self-incrimination and that Youngblood replied he already knew about that because Woolbert had explained his constitutional rights to him. Judge Thomas R. McNichols entered thorough and thoughtful findings in ruling on Youngblood's petition. He found against Youngblood on his claim that he did not know about his *Boykin* rights.

As this Court's opinion in *White* notes, procedures such as those contained in Indiana's advisement statute and in Federal Rule of Criminal Procedure 11 are designed to assure that defendants who plead guilty understand that they possess certain rights and have voluntarily decided to waive them and plead rather than go to trial. These procedures do not create a substantive "right to be advised in open court," the violation of which is itself grounds for collateral relief. *See White*, 497 N.E.2d at 903; *United States v. Timmreck*, 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

In writing *Boykin* for the United States Supreme Court, Justice William O. Douglas explained that requiring a record which reveals a defendant knew about certain rights and waived them was a simple extension of a previously adopted rule concerning waiver of counsel: "Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70, 77 (1962)." *Boykin v. Alabama*, 395 U.S. at 242, 89 S.Ct. at 1712, 23 L.Ed.2d at 279.

Just as Justice Douglas explained that knowledge of rights may be reflected either in the original record or through allegation and proof, the federal circuits have held that a defendant's knowing waiver of specific rights may be established through later presentation of evidence. When the original state court record reflected only that the defendant appeared in court and pled guilty, for example, the Fifth Circuit regarded "evidence obtained in a post-conviction hearing as curative of the otherwise defective trial transcript." *LeBlanc v. Henderson*, 478 F.2d 481, 483 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974). *See also Todd v. Lockhart*, 490 F.2d 626, 627 (8th Cir. 1974) (when *Boykin* rights are missing, state post-conviction testimony may "cure the defective plea-taking transcript"); *Roddy v. Black*, 516 F.2d 1380 (6th Cir.), *cert. denied*, 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975). Knowing waiver may even be established through an evidentiary hearing during habeas. *Fisher v. Wainwright*, 435 F.Supp. 253 (M.D.Fla.1977), *aff'd*, 584 F.2d 691 (5th Cir.1978). Evidence concerning the defendant's knowledge may be sufficient to establish a voluntary and intelligent waiver even for pleas made decades ago. *DesBouillons v. Burke*, 418 F.2d 297 (7th Cir.1969) (court may hold evidentiary hearing to determine state of pleader's knowledge 22 years earlier).

Acknowledging that a defective guilty plea transcript may be rehabilitated does not return us to the pre-*Boykin* practice of assuming that a defendant pled voluntarily and intelligently. As the Eighth Circuit said, it simply means that "once a state prisoner has demonstrated that the plea taking was not conducted in accordance with *Boykin*, the state may, if it affirmatively proves in a post-conviction hearing that the plea was voluntary and intelligent, obviate the necessity of vacating the plea." *Todd v. Lockhart*, 490 F.2d at 628.

It was proper for the post-conviction court to admit and weigh evidence concerning Youngblood's knowledge of his constitutional rights at the time he pled guilty.

The decision of the Court of Appeals concerning Youngblood's other allegations of error was also correct and we adopt their resolution of those issues. Appellate Rule 11(B)(3), Ind. Rules of Procedure.

We affirm the decision of the Court of Appeals and the judgment of the trial court.

GIVAN, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, Justice, dissenting.

This Court has repeatedly held that the case of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), mandates that the defendant at a guilty plea hearing be personally advised by the trial judge of three constitutional trial rights, namely, jury trial, confrontation, and the privilege against self-incrimination; and a failure of the record of plea proceedings to show compliance with this mandate warrants a later withdrawal of the plea. *Hollingshed v. State* (1977), 266 Ind. 597, 365 N.E.2d 1215; *Emert v. State* (1975), 263 Ind. 340, 330 N.E.2d 750; *Williams v. State* (1975), 263 Ind. 165, 325 N.E.2d 827; *Brimhall v. State* (1972), 258 Ind. 153, 279 N.E.2d 557. I would follow these precedents and reverse the judgment of the trial court.

*Boykin* rights are like *Miranda* rights. *Neeley v. State* (1978), 269 Ind. 588, 382 N.E.2d 714. They are safeguards of the real rights. They are not rights, but function like rights. Where they exist, we know that the real rights are secure. Where they do not exist, we are left in doubt. Here we are left very much in doubt because the judge said nothing to the defendant about his rights, and the two lawyers spoke about the rights with him six months and more before the plea. The lawyers and the judge did not state to him that he would be giving up his rights by pleading guilty, and he never said that he understood he was giving up his rights. Knowledge of a right is but a part of the basis for a judicial determination of a voluntary, knowing, and intelligent waiver of that right. The complete basis includes a manifestation of the freely made decision to forego the right. That part of the basis is absent here under any view of the record.

Finally, I dissent because the trial judge at the post-conviction hearing kept the risk of non-persuasion on appellant, even after appellant showed the constitutional error in the plea proceedings. He concluded upon looking at the entire record, including the evidence generated at the post-conviction hearing, that appellant had failed to sustain his burden of proving that his plea had been involuntary and unknowing. As I understand the majority opinion, appellant should have prevailed if the judge was left in doubt about whether there was a valid waiver.