**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Oct 10 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TYLER D. HELMOND**
Voyles Zach & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES MUSSELWHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1202-PC-136 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1107-PC-29

**October 10, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Charles Musselwhite appeals the denial of his petition for post-conviction relief. The sole issue on appeal is whether the post-conviction court erred in concluding that Musselwhite had been adequately advised of his *Boykin*[1] rights at the time he entered his guilty plea.

We affirm.

On August 23, 2005, Musselwhite was charged with three operating while intoxicated offenses, including one class D felony. On May 15, 2006, Musselwhite pleaded guilty to the class D felony count, and the remaining charges were dismissed pursuant to a plea agreement with the State. Musselwhite was sentenced to eighteen months, with five days served in jail, six months on home detention, and twelve months suspended to probation.

Approximately five years later, Musselwhite filed a petition for post-conviction relief asserting that his guilty plea was not knowing, intelligent, or voluntary because the trial court did not advise him of his *Boykin* rights at the guilty plea hearing. The post-conviction court held an evidentiary hearing on October 10, 2011 and took the matter under advisement. The post-conviction court entered an order denying the petition on January 24, 2012. Musselwhite now appeals.

Post-conviction proceedings are not "super appeals" through which convicted persons can raise issues they failed to raise at trial or on direct appeal. *McCary v. State*, 761 N.E.2d 389, 391 (Ind. 2002). Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441 (Ind. 2002). A post-conviction petitioner bears the burden

---

[1] *Boykin v. Alabama*, 395 U.S. 239 (1969).

2

of establishing grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639 (Ind. 2008). On appeal from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 643-44.

Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091 (Ind. Ct. App. 2011), *aff'd of reh'g*, 947 N.E.2d 962. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings under a clearly erroneous standard. *Id.* Accordingly, we will not reweigh the evidence or judge the credibility of witnesses, and we will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

Musselwhite argues that we should exercise a greater degree of scrutiny in reviewing the denial of his petition because the post-conviction court adopted verbatim the State's proposed findings of fact and conclusions of law. Our Supreme Court has addressed the trial court's wholesale adoption of a party's proposed findings of fact and conclusions of law as follows:

> It is not uncommon for a trial court to enter findings that are verbatim reproductions of submissions by the prevailing party. The trial courts of this state are faced with an enormous volume of cases and few have the law clerks and other resources that would be available in a more perfect world to help craft more elegant trial court findings and legal reasoning. We recognize that

3

the need to keep the docket moving is properly a high priority of our trial bench. For this reason, we do not prohibit the practice of adopting a party's proposed findings. But when this occurs, there is an inevitable erosion of the confidence of an appellate court that the findings reflect the considered judgment of the trial court. This is particularly true when the issues in the case turn less on the credibility of witnesses than on the inferences to be drawn from the facts and the legal effect of essentially unchallenged testimony.

*Wrinkles v. State*, 749 N.E.2d 1179, 1188 (Ind. 2001) (quoting *Prowell v. State*, 741 N.E.2d 704, 708-09 (Ind. 2001)). Despite these concerns, the court chose not to modify the applicable standard of review. *Wrinkles v. State*, 749 N.E.2d 1179. Although post-conviction courts are not encouraged to adopt wholesale the findings and conclusions of either party, the critical inquiry remains whether the findings adopted by the court are clearly erroneous. *Pruitt v. State*, 903 N.E.2d 899 (Ind. 2009). Accordingly, we decline Musselwhite's invitation to apply a less deferential standard of review.

Musselwhite argues that he is entitled to post-conviction relief because the trial court did not advise him that he was waiving his *Boykin* rights by pleading guilty. Under *Boykin v. Alabama*, 395 N.E.2d 238 (1969), "a trial court must be satisfied that an accused is aware of his right against self-incrimination, his right to trial by jury, and his right to confront his accusers before accepting a guilty plea." *Dewitt v. State*, 755 N.E.2d 167, 171 (Ind. 2001). *Boykin* does not, however, require that the record of the guilty plea proceeding show that the accused was formally advised that entry of his guilty plea waives certain constitutional rights or that the record contain a formal waiver of these rights by the accused. *Dewitt v. State*, 755 N.E.2d 167. "Rather, *Boykin* only requires a conviction to be vacated if the defendant did not know *or* was not advised at the time of his plea that he was waiving his *Boykin* rights." *Id.* at 171 (emphasis in original).

4

Here, the trial court did not formally advise Musselwhite of his *Boykin* rights at the guilty plea hearing; rather, the court determined that Musselwhite had reviewed a written advisement form with his attorney. The form included the following advisements:

> *You have the right to a public and speedy trial by jury; the right to confront and cross-examine witnesses against you*; the right to subpoena witnesses at no cost; *the right to require that the State prove you guilty beyond a reasonable doubt at a trial at which you do not have to testify*, but in which you may testify if you wish; and the right to appeal your conviction or any decision made by the judge. *By pleading guilty you will give up and waive each one of these rights*.
>
> By signing this form, you are stating that your guilty plea is being made knowingly and voluntarily and that no promises, threats, or force have been used to make you plead guilty.

*Exhibit Volume* at 23 (emphasis supplied).

After determining that Musselwhite had reviewed the form with his attorney, the trial court inquired as to whether he understood his rights, and Musselwhite responded affirmatively. The trial court then engaged in the following dialogue with Musselwhite:

> THE COURT: You have certain rights in this proceeding, Mr. Musselwhite, those are covered in the advisement form. You've indicated that you understood those when you read through it?
>
> DEFENDANT: Yes.
>
> THE COURT: You understand that you give up those rights when you plead guilty?
>
> DEFENDANT: Yes.

*Id.* at 9-10.

On appeal, Musselwhite seems to argue that *Boykin* requires us to set aside a guilty plea any time the record shows that the trial court did not formally advise a defendant that he

5

was waiving his *Boykin* rights at the guilty plea hearing. As explained above, no such formal advisement and waiver are required. *Dewitt v. State*, 755 N.E.2d 167; *Youngblood v. State*, 542 N.E.2d 188 (Ind. 1989) (upholding a guilty plea where the record showed that the trial court did not advise the defendant of his *Boykin* rights because testimony at a post-conviction hearing established that the defendant's attorneys advised him of those rights). Even where a trial court does not formally advise the defendant of his rights on the record, we are not required to set aside a guilty plea when the post-conviction record establishes that the defendant was aware he was waiving his *Boykin* rights. *Youngblood v. State*, 542 N.E.2d 188.; *see also State v. Lime*, 619 N.E.2d 601 (Ind. Ct. App. 1993) (noting that a "guilty plea is not tainted merely because the trial court fails to repeat defendant's rights for him, so long as the record of the guilty plea proceeding contains evidence from which the trial court may validly conclude that defendant was meaningfully informed of the specific rights enumerated in *Boykin*"), *trans. denied*.

At Musselwhite's guilty plea hearing, the trial court confirmed that Musselwhite reviewed the waiver of rights form with his attorney prior to his guilty plea hearing and inquired as to whether Musselwhite understood the rights set forth in the form; Musselwhite answered affirmatively. The trial court then asked Musselwhite whether he understood that he was waiving those rights by pleading guilty; again, Musselwhite answered affirmatively. This evidence is sufficient to support the post-conviction court's conclusion that "Musselwhite was meaningfully informed of and waived the rights enumerated in *Boykin*" and that the trial court "made an independent determination, on the basis of evidence in the

6

record before him, that Musselwhite's guilty plea was made voluntarily and intelligently."

*Appellant's Appendix* at 40.[2]

Musselwhite also seems to argue that he was entitled to an oral advisement of his rights on the record under Ind. Code Ann. § 35-35-1-2(a) (West, Westlaw current with all 2012 legislation), which provides that a trial court shall not accept a guilty plea without first determining that the defendant has been informed that his guilty plea constitutes a waiver of certain rights, including those enumerated in *Boykin*. But the statute does not require a personal advisement by the trial court; rather, it provides only that the trial court shall not accept a guilty plea without "determining that the defendant . . . has been informed of and waives" the enumerated rights. I.C. § 35-35-1-2(a). Our Supreme Court has held that the procedures contained in this advisement statute "are designed to assure that defendants who plead guilty understand that they possess certain rights and have voluntarily decided to waive them and plead rather than go to trial." *Youngblood v. State*, 542 N.E.2d at 189. They do not, however, "create a substantive 'right to be advised in open court,' the violation of which is itself grounds for collateral relief." *Id.* (citations omitted). Thus, even where the trial court

---

[2] In his reply brief, Musselwhite also complains that he did not receive an advisement of his *Boykin* rights *at the time of his guilty plea*. Specifically, he notes that defense counsel indicated that he had reviewed the advisement form with Musselwhite "the last time", which Musselwhite claims was three months prior to the guilty plea hearing. *Exhibit Volume* at 8. But "*Boykin* only requires a conviction to be vacated if the defendant did not know *or* was not advised at the time of his plea that he was waiving his *Boykin* rights." *Dewitt v. State*, 755 N.E.2d at 171 (emphasis in original). Because Musselwhite had previously reviewed the waiver of rights form with his attorney, we cannot conclude that the post-conviction court's finding that he knew he was waiving his *Boykin* rights at the time of the guilty plea hearing was clearly erroneous.

fails to advise a defendant of the rights set forth in the advisement statute, we need not set aside a guilty plea where the record otherwise demonstrates that the defendant was in fact aware of those rights and voluntarily waived them. *Id.*

The advisement form Musselwhite reviewed with his attorney prior to his guilty plea contains a nearly verbatim recitation of the rights set forth in the advisement statute, as well as an advisement that a guilty plea constitutes a waiver of each of those rights. Moreover, the trial court asked Musselwhite at his guilty plea whether he understood the rights set forth in the form and that he gave up those rights by pleading guilty, and Musselwhite responded affirmatively. As explained above, this is ample evidence to support the post-conviction court's conclusion that Musselwhite was aware of his rights and voluntarily waived them.

Finally, Musselwhite argues that his guilty plea must be set aside because he could not waive his rights under *Boykin* and the advisement statute by signing the waiver of rights form. We need not address this issue because, in addition to signing the written waiver of rights form, Musselwhite also verbally acknowledged and waived his rights at his guilty plea hearing. As set forth above, the trial court asked Musselwhite whether he understood the rights set forth in the advisement form and that his guilty plea constituted a waiver of those rights, and Musselwhite answered affirmatively. Because the record indicates that Musselwhite's waiver of rights was made both verbally and in writing, his argument in this regard fails. For all of the foregoing reasons, we conclude that the post-conviction court did not commit clear error in finding that Musselwhite was aware of and voluntarily waived his *Boykin* rights.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.