

FILED

Mar 14 2017, 7:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

David Earl Ison
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Earl Ison,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

March 14, 2017

Court of Appeals Case No.
24A04-1607-PC-1618

Appeal from the Franklin Circuit Court

The Honorable J. Steven Cox, Judge

Trial Court Cause No.
24C01-1407-PC-630

**Altice, Judge.**

## Case Summary

[1] David Earl Ison, pro se, appeals the denial of his post-conviction relief (PCR) petition. We find the following issue dispositive: Did the post-conviction court

err in declining to address Ison's claim of ineffective assistance of trial counsel, which incorporated a challenge to the voluntariness of his plea?

[2] We remand.

## Facts & Procedural History

[3] On September 25, 2011, Roy Napier, Angela Napier, Melissa Napier, Jacob Napier, and Henry Smith were murdered in Franklin County. Shortly thereafter, Ison became a suspect and blood and DNA evidence were recovered from his home, as well as two firearms that had been used in the shootings. At the time of the killings, Ison was on probation for unrelated convictions on ten counts of burglary. In sum, Ison had twenty prior felony convictions.

[4] The State charged Ison with five counts of murder (Counts I through V) on October 7, 2011. Franklin County Prosecutor Melvin Wilhelm (Prosecutor Wilhelm ) struggled with whether to seek the death penalty and eventually consulted with the Indiana Prosecuting Attorneys Council's capital litigation committee, which advised him to seek the death penalty. Thereafter, Prosecutor Wilhelm spoke with Ison's trial counsel, Hubert Branstetter (Attorney Branstetter), regarding the possibility of a plea agreement in which Ison would plead guilty to life imprisonment without parole (LWOP) to avoid the death penalty. A document was prepared by Prosecutor Wilhelm and presented to Ison by Attorney Branstetter. Ison signed the document, agreeing to LWOP. This document, which Ison believed to be a plea agreement, was never filed with the trial court.

On February 3, 2012, the State filed an amended information adding an LWOP count (Count VI). The trial court held an initial hearing regarding Count VI on March 1, 2012, which transformed into a guilty plea hearing when Ison pled guilty to Count VI and changed his plea to guilty with regard to Counts I though V. The trial court advised Ison that this would necessarily require him to be in prison for the rest of his natural life. After briefly inquiring into Ison's mental state and ability to understand the proceedings, the trial court engaged Ison in the following discussion:

COURT:     The guilty plea that you're offering is your own free choice and decision?

DEFENDANT:     Yes, sir.

COURT:     No one has offered you any promises or anything of value to get you to plead guilty?

DEFENDANT:     No, sir.

COURT:     Forced, threaten, place in you [sic] in fear, anyone else you know been forced, threaten, or placed in fear to get you to plead guilty?

DEFENDANT:     No, sir.

COURT:     Still your intention to plead guilty?

DEFENDANT:     Yes, sir.

*Petitioner's Exhibit A* at 6-7. Prosecutor Wilhelm then detailed the factual basis for each of the counts, which Ison admitted. At no point during the hearing did Ison expressly waive his *Boykin* rights.[1] In accepting the pleas, however, the court stated: "The Court will find you're forty-six years of age. You understood the nature of the charge which you plead guilty, the possible sentence you could receive. That your plea of guilty is freely and voluntarily made and there's a factual basis for your plea of guilty." *Petitioner's Exhibit A* at 9-10. At the sentencing hearing on March 14, 2012, the trial court sentenced Ison to LWOP.

[6] Ison, pro se, filed his original PCR petition on June 26, 2014. Thereafter, on October 19, 2015, Ison filed a motion to amend his PCR petition, alleging for the first time that his trial counsel was ineffective and that his plea was not made knowingly, intelligently, and voluntarily. Ison made a number of additional pro-se filings and even filed an improper interlocutory appeal, which this court dismissed on March 4, 2016. This was followed by Ison's filing a flurry of additional documents.[2] Though there is some ambiguity in the record, it appears that Ison filed a "Supplemental Motion and Verified Amended PCR"

---

[1] In *Boykin v. Alabama,* 395 U.S. 238, 242 (1969), the Supreme Court held that it was reversible error for the trial court to accept a guilty plea without an affirmative showing that it was intelligent and voluntary. "More particularly, *Boykin* requires that the record must show, or there must be an allegation and evidence which show, that the defendant was informed of, and waived, three specific federal constitutional rights: the privilege against compulsory self-incrimination, right to trial by jury, and the right to confront one's accusers." *Hall v. State*, 849 N.E.2d 466, 469 (Ind. 2006). Although a defective guilty plea transcript may be rehabilitated, it is up to the State to affirmatively demonstrate in a post-conviction hearing that the plea was voluntary and intelligent when made. *See Youngblood v. State*, 542 N.E.2d 188, 189 (Ind. 1989).

[2] Ison also filed an original action with our Supreme Court, which was promptly dismissed as improper by the Court on May 9, 2016.

in April 2016, which asserted a number of claims including ineffective assistance of counsel and involuntariness of his plea.

[7] Ison's post-conviction hearing commenced on June 29, 2016. The post-conviction court *sua sponte* appointed standby counsel for Ison during the hearing. Ison testified at the hearing and detailed his claims. He emphasized that his primary claims were ineffective assistance of counsel and involuntariness of his plea. He asserted several arguments associated with these two related claims. At the conclusion of his case, Ison briefly addressed three additional claims.

[8] On July 1, 2016, the post-conviction court issued its order denying Ison's PCR petition. In the order, the court expressly considered only the three grounds for relief raised in Ison's original petition filed in 2014. These grounds did not include ineffective assistance of counsel or the related claim regarding his guilty plea. The court explained:

> At the evidentiary hearing on Petitioner's Verified Petition for Post Conviction Relief, Petitioner made many other arguments as grounds for relief, (i.e.) ineffective assistance of counsel, and offered exhibits relating to the definition of infamous and whether the Indiana State Constitution required that his charges be brought by Grand Jury Indictment as opposed to a charging information as an example. To the extent that these other issues are not raised by the only Petition properly before the Court, the Court deems them waived and declines to address them further.

*Appendix* at 21. Ison now appeals.

## Discussion & Decision

[9] Ison has abandoned several dubious claims that he asserted below and focuses his appeal on his interconnected claims of ineffective assistance of counsel and involuntariness of his guilty plea. In general, Ison asserts that he never waived his *Boykin* rights, the plea agreement that he signed was not presented to the court, his trial counsel misled him and did not properly advise him regarding the plea,[3] and counsel did not file a written request to withdraw the plea upon Ison's request. Although some of his arguments might have teeth, we do not address their merits because the trial court did not reach these issues.

[10] The record establishes and the State acknowledges that Ison filed an amendment to his PCR petition on October 19, 2015 (the 2015 Amendment), asserting new claims of error (that is, ineffective assistance of counsel and

---

[3] Ison claims that counsel made him feel as though he was automatically eligible for the death penalty and LWOP. According to Ison, he was not aware that Ind. Code § 35-50-2-9 sets out aggravators *and* mitigators to be considered by the judge or jury when determining whether to impose such sentences. Ison asserts that he was under the influence of drugs at the time of the murders and has a history of mental illness, both of which are potential mitigating circumstances.

Additionally, Ison makes a novel argument that he was not eligible for the death penalty or LWOP because the aggravators alleged by the State did not fall under I.C. § 35-50-2-9(b)(1). Indeed, the alleged aggravators were that Ison committed multiple murders and did so while he was on probation for a prior felony. I.C. § 35-50-2-9(b)(8) and (9)(C). Ison's argument takes advantage of a clear error in the statute. In subsections (d), (e), and (g), the statute indicates that the judge or jury (whichever is applicable) must find at least one of the aggravators "described in subsection (1)." The reference should be to subsection (b), as subsection (1) is only one of the statute's many listed aggravators. This is an obvious technical error in the statute. *See Woerner v. City of Indianapolis*, 177 N.E.2d 34, 37 (Ind. 1961) ("Legislative enactments are not more than any other writings to be defeated on account of mistakes, errors or omissions, provided the intention of the legislature can be collected from the whole statute."). The General Assembly should promptly address this.

involuntariness of plea).[4]  Pursuant to Indiana Post-Conviction Rule 1(4)(c), a "petitioner shall be given leave to amend the petition as a matter of right no later than sixty [60] days prior to the date the petition has been set for trial." Ison filed the 2015 Amendment before a trial date was even set and, thus, well within the period in which he could amend his PCR petition as a matter of right.  Accordingly, the 2015 Amendment was properly before the trial court, as well as possibly other subsequent amendments.

[11]  At the post-conviction hearing held on June 29, 2016, Ison presented his case and focused on the issues of ineffective assistance of trial counsel and involuntariness of his guilty plea, which were first alleged in the 2015 Amendment.  In addition to the 2015 Amendment, the court acknowledged at the hearing that it had a lengthy document filed by Ison on April 14, 2016,[5] which Ison claimed was another amendment raising additional issues.

[12]  In its brief order issued two days after the post-conviction hearing, the court indicated for the first time that it would not consider any of Ison's claims raised in filings made after the original PCR petition filed in 2014.  Without any explanation, the court concluded that the only petition properly before it was the original petition.  This was erroneous.

---

[4] Several of his subsequent filings, though not as obviously designated as amendments, continued to assert these claims in addition to other claims.

[5] This document is not file stamped in the record before us or noted on the CCS.

On remand, we direct the post-conviction court to make specific findings of fact and conclusions of law with respect to Ison's claims of ineffective assistance of trial counsel and involuntariness of his guilty plea. *See State v. Cozart*, 897 N.E.2d 478, 484 (Ind. 2008) (remanding for findings and conclusions on claims not addressed by the post-conviction court).

Remanded with instructions.

Riley, J. and Crone, J., concur.